# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

HABITAT EDUCATION CENTER, INC., et al,
          Plaintiffs,

      v.                                    **Case No. 08-C-0043**

UNITED STATES FOREST SERVICE, et al.,
          Defendants.

---

## DECISION AND ORDER

Plaintiffs filed the present action pursuant to the Administrative Procedure Act ("APA"), the National Environmental Policy Act ("NEPA"), and the National Forest Management Act ("NFMA"). It is an appeal of the Forest Service's decision to approve a specific timber project in the Chequamegon-Nicolet National Forest ("CNNF"), the "Fishbone" project. Before the court are plaintiffs' motion to supplement the administrative record, defendants' motion to strike a portion of plaintiffs' brief in support of its motion for summary judgment, and plaintiffs' motion to amend their complaint.

## A.    Motion to Supplement Administrative Record

Plaintiffs move to supplement the administrative record for the timber project under review. Defendants have indicated that they do not oppose the request. Therefore, plaintiffs' motion to supplement the administrative record will be granted.

## B.    Defendants' Motion to Strike & Plaintiffs' Motion to File Amended Complaint

The remaining two motions are related. First, defendants have moved to strike an argument that plaintiffs make in support of their motion for summary judgment. The disputed argument is that defendants violated NFMA by failing to ensure that suitable habitat for certain sensitive species is "well-distributed" throughout the Fishbone planning area. (Pls.' Br. in

-1-

Supp. of Mot. for Summ. J. at 65-67.) Defendants move to strike this argument on the ground that it calls into question the validity of the Forest Plan for the entire CNNF, and that plaintiffs did not adequately plead a challenge to the Forest Plan in their complaint. Plaintiffs respond by noting that they do not intend to assert a wholesale challenge to the Forest Plan but to challenge the Plan only insofar as it applies to the Forest Service's decision to approve the Fishbone project. Plaintiffs further argue that they adequately pleaded this claim in their original complaint. Alternatively, plaintiffs move to amend their complaint to more clearly state a claim involving the Forest Plan. For the reasons below, I find that plaintiffs' original complaint contains sufficient information about their argument and that defendants' motion to strike must therefore be denied. Because plaintiffs' original complaint was adequate, plaintiffs do not need to amend their complaint, and their motion to do so will be denied as moot.

Defendants move to strike the disputed argument on the ground that the complaint did not contain enough information about it to satisfy Fed. R. Civ. P. 8(a)'s "notice pleading" requirements. In defendants' words, plaintiffs' argument "fails to comply even with the liberal 'notice pleading' standard embodied in the Federal Rules of Civil Procedure because it relies upon a legal theory that was not identified or raised in Plaintiffs' Complaint." (Defs.' Mot. to Strike at 2.) However, as the Seventh Circuit has held time after time, the Federal Rules of Civil Procedure do not require plaintiffs to plead legal theories. See, e.g., Jogi v. Voges, 480 F.3d 822, 826 (7th Cir. 2007) ("It is established . . . that complaints need not plead legal theories."); Hefferman v. Bass, 467 F.3d 596, 599 (7th Cir. 2006) ("The point of a notice pleading standard is that the plaintiff is not required to plead either facts or legal theories."); Schmitz v. Canadian Pac. Ry. Co., 454 F.3d 678 (7th Cir. 2006) ("[T]his court has repeatedly reiterated that plaintiffs in federal court need not plead specific facts or legal theories in their

complaints."). Thus, it is irrelevant that plaintiffs did not spell out this particular legal theory

in their complaint. They did not have to. All they had to do was plead that the decision to

approve the Fishbone project was arbitrary and capricious and therefore must be overturned.

Plaintiffs' complaint contains the necessary information to satisfy notice pleading standards.

In any event, plaintiffs' did indeed spell out the disputed legal theory in their complaint.

Plaintiffs' theory is that the Forest Service approved the Fishbone project without ensuring

that suitable habitat for certain sensitive species is well-distributed throughout the planning

area. The legal authority on which this claim depends is 36 C.F.R. §§ 219.19 & 219.27(a)(6)

(1982). The thrust of the claim is that the Fishbone project will eliminate much of the old-age

aspen trees in the project area, and that therefore the Forest Service has not ensured that

suitable habitat will be well-distributed. Here is what plaintiffs' original complaint says with

respect to this claim:

> 94. NFMA's 1982 implementing regulations, which govern the 2004 Chequamegon-Nicolet National Forest Plan, require the Forest Service to ensure the existence of fish and wildlife adequate to maintain viable populations of existing native vertebrate species that are well-distributed throughout the planning area, 36 C.F.R. § 219.19 (1982); 36 C.F.R. 219.27(a)(6) (1982). The Forest Service has failed to comply with these viability requirements.

> 95. The Defendants have not reasonably ensured that they will maintain sufficient habitat to support viable populations of certain Regional Forester Sensitive Species. 36 C.F.R. § 219.19 (1982). The Fishbone EIS confirms that a large portion of the area to be logged contains old-age aspen habitat type.

> 96. Old-age aspen habitat is suitable nesting habitat for Northern goshawks and Red-shouldered hawks. Both of these species are threatened in Wisconsin and are designated as Regional Forester Sensitive Species. They are known to be declining within the Fishbone Project area and elsewhere in the Chequamegon-Nicolet National Forest.

> 97. The Forest Service has not ensured that viable populations of species of concern will be "well distributed in the planning area." 36 C.F.R. § 219.27(a)(6) (1982). The 2004 Forest Plan provides that only Forest Management Areas 2B, 3B and 4B will be managed specifically for forest interior species. Other areas of the National Forest might be managed so as

-3-

to entirely eliminate habitat that might be suitable for these species, although many members of such species already inhabit these areas.

(Compl. ¶¶ 94-97.) These paragraphs squarely put in issue the Forest Service's compliance with the regulations requiring that it ensure the maintenance of sufficient habitat to support the viability of sensitive species within the planning area. The fact that plaintiffs' claim also calls into question the legality of the Forest Service's overall plan for the CNNF does not mean that plaintiffs were required to plead a challenge to the entire plan. All that is in issue in the present case is the Forest Service's actions with respect to the Fishbone project. While my findings in this case may have preclusive effect on challenges to other projects governed by the CNNF Forest Plan, Ohio Forestry Ass'n, Inc. v. Sierra Club, 523 U.S. 726, 734-35 (1998), nothing in Rule 8(a) requires plaintiffs to plead a wholesale claim against the Plan in order to challenge the Plan's application to the Fishbone project.

Finally, defendants suggest that plaintiffs' three-page argument discussing the CNNF Forest Plan now requires that they lodge with the court the entire administrative record for the Plan, which consists of ten four-drawer filing cabinets and tens of thousands of electronic files. I fail to see why defendants would need to do this. To defeat plaintiffs' argument, all defendants have to do is explain why their decision to approve the Fishbone project was reasonable in light of NFMA's mandate to ensure that habitats are well-distributed in the planning area. See Indiana Forest Alliance, Inc. v. United States Forest Service, 325 F.3d 851, 862 (7th Cir. 2003) (holding that "Forest Service's decision to implement . . . [a] project must be upheld if the record shows that the Forest Service took a hard look at relevant NFMA issues in making its decision"). Surely defendants can explain their reasoning process on this issue without producing over ten filing cabinets worth of materials. The court certainly has no intention of reviewing this volume of materials, even if they are filed. And since plaintiffs have

-4-

not demanded that defendants produce the whole record for the Forest Plan, defendants

need to produce only the parts of it that support their defense – i.e., only those parts that they

cite in their brief.

**THEREFORE, IT IS ORDERED** that plaintiffs' motion to supplement the administrative

record is **GRANTED**.

**IT IS FURTHER ORDERED** that defendants' motion to strike is **DENIED**.

**FINALLY, IT IS ORDERED** that plaintiffs' motion for leave to file an amended

complaint is **DENIED** as **MOOT**.

Dated at Milwaukee, Wisconsin, this 4 day of September, 2008.


/s_____
LYNN ADELMAN
District Court Judge